# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JIMMY DEAN MCCORMICK,               )
                                    )
                Plaintiff,          )
vs.                                 )          NO.  CIV-09-0054-HE
                                    )
LAWANA HAMRICK, individually and    )
in her official capacity,           )
                                    )
                Defendant.          )

## ORDER

Plaintiff Jimmy Dean McCormick sued Lawana Hamrick, coordinator of the sex and violent offender registration unit of the Department of Corrections, claiming she improperly placed him on the Oklahoma Sex and Violent Crime Offender Registry and then failed to remove him from the registry. Plaintiff alleged substantive and procedural due process violations under 42 U.S.C. § 1983, and defamation and negligence claims under Oklahoma law.[1] Defendant Hamrick filed a motion for summary judgment, which the court concludes should be granted as to plaintiff's federal claims and denied as to his state tort claim.[2]

A detailed recitation of the facts is unnecessary. Plaintiff completed a violent crime offender registration form at the Shawnee Oklahoma Police Department in October 2006, based on a California conviction. The form was forwarded to defendant. Based on her

---

[1] *The plaintiff's negligence claim was previously dismissed as it was barred under state law. See September 16, 2009, Order.*

[2] *Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court has viewed the evidence and any reasonable inferences that might be drawn from it in the light most favorable to plaintiff, the nonmoving party.*

review of defendant's rap sheet, she believed he had a sex crime conviction and placed him on the sex offender registry. Plaintiff claims defendant sent him letters informing him that he needed to register as a sex offender, but did not tell him she had placed him on the registry.

Plaintiff contacted defendant and disputed that he was required to register as a sex offender. He went to California in December 2006, and had information faxed to defendant demonstrating that he had not been convicted of a sex crime.[3] Defendant removed plaintiff from the registry[4] and sent him a letter dated January 12, 2007, which stated: "You are no longer required to register per state statutes in Oklahoma .... You have been removed from the Sex Offender Registry and your information is no longer available to the public via the internet. We are notifying Shawnee Police Department of your removal."[5] Defendant's Exhibit 7. Plaintiff asserts he was not aware that he had been placed on the registry until March 2008.

Plaintiff asserts that defendant violated his procedural and substantive rights to due process by placing him on the sex offender registry. A plaintiff claiming the government has denied him procedural due process "by impugning his or her good name, reputation, honor, or integrity, must demonstrate that: (1) the government made a statement about him or her

---

[3]*Plaintiff had been charged with, but not convicted of, sex offenses in California.*

[4]*A dispute exists as to whether plaintiff was actually removed from the registry.*

[5]*The Oklahoma Department of Corrections had sent a letter to the Shawnee Police Department dated November 20, 2006, informing it that plaintiff had been designated an aggravated sex offender and that it was responsible for notifying the community about plaintiff.*

that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that significantly altered [his or] her status as a matter of state law."Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004) (internal citations and quotations omitted).  Courts refer to this as the "stigma plus" standard.  *Id.*  Due process protections are not implicated by damage to a person's reputation alone.  *Id.*

Plaintiff's procedural due process claim fails as he has not offered evidence demonstrating the "plus." He asserts in his brief that "[a]s a result of Ms. Hamrick classifying and registering him as a sex offender [he] could not longer live where he pleased; he had to live within the parameters defined by the Oklahoma Sex Offender Registration Act; [he] could not freely travel from state to state; he had to register as a sex offender in each new state he entered into for a specified amount of time ... [he] was not free to work wherever he wished; [and] he was prohibited from working around children."  Plaintiff's response, p. 23. While those restrictions may be placed on registered sex offenders, there is no evidence plaintiff personally was subjected to any of those state-imposed limitations.  Plaintiff claims he was not even aware he was on the registry until more than two years after defendant removed him from it.  *See* Gwinn v, 354 F.3d at 1224 (for classification as a sex offender to implicate a liberty interest the registration requirements had to be sufficient to "significantly alter" the plaintiff's  status as a matter of state law).

Plaintiff testified that some official told his wife while he was in California  that if she let him move back in with her she would lose her children.  He contends she would not let

him return home for seven months.  However, plaintiff has not shown that his exclusion from his home was a "governmentally imposed burden," Gwinn v, 354 F.3d at 1216, rather than a burden imposed by his wife.  He has cited no statute or regulation that required him, due to his inclusion on the registry, to live away from his family.  Even if such a restriction had been imposed, it would have been lifted as of January 12, 2007.[6]

As plaintiff was not subjected to any of the requirements that are imposed upon a registered sex offender, his status was not "'significantly alter[ed] ... as a matter of state law.'" Gwinn, 354 F.3d at 1224 (quoting Paul v Davis, 424 U.S. 693, 710-11 (1976)). Therefore, his erroneous classification as a sex offender did not implicate a liberty interest entitling him to the procedural protections required by the due process clause.  Defendant is entitled to summary judgment on plaintiff's procedural due process claim.

Defendant also is entitled to summary judgment on plaintiff's substantive due process claim. Neither party addressed that claim in their summary judgment briefs.  Assuming plaintiff has not abandoned it, the court can consider its merits, as plaintiff's due process claims are based on the same factual allegations and proof.

Plaintiff's evidence falls far short of demonstrating a substantive due process violation.[7]  Claims under § 1983 for a violation of Fourteenth Amendment substantive due

---

[6]*Plaintiff's claim that he was excluded from his home because he was listed on the sex offender registry is inconsistent with his claim that he was unaware, until 2008, that he had even been placed on the registry.*

[7]*In its order addressing defendant's motion to dismiss, the court expressed its doubt that the alleged conduct rose to the level of a substantive due process violation. September 16, 2009,Order.*

process rights are recognized "in the narrowest of circumstances." Becker v. Kroll, 494 F.3d 904, 922 (10th Cir. 2007). "The conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power ... [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Id*. at 922-23 (quoting Livsey v. Salt Lake County, 275 F.3d 952, 957-58 (10th Cir. 2001). The high hurdle for substantive due process claims is met in "only the most extreme circumstances, typically involving some violation of physical liberty or personal physical integrity." *Id*. at 923. Defendant's conduct was insufficient to meet this "rigorous standard." *Id.*

Defendant argues that plaintiff's remaining claim – for defamation under state law– is barred by the applicable one year statute of limitation. The court finds material questions of fact exist as to when the statute of limitations began to run and/or whether the limitations period was tolled. Defendant's motion as to plaintiff's defamation claim will be denied.[8]

Accordingly, defendant's motion for summary judgment [Doc. #37] is granted in part and denied in part. The motion is granted with respect to plaintiff's § 1983 substantive and procedural due process claims and denied with respect to his state law defamation claim. Judgment in defendant's favor on the § 1983 claims will be entered when the case is

_____

[8]*The court concludes the circumstances do not warrant a determination that defendant has waived the limitations defense. Although she did not raise it by answer, there is no apparent unfair prejudice to plaintiff from its assertion here. Plaintiff has been able to frame and address his arguments as to tolling and the like based on the present state of discovery. If plaintiff seriously asserts further discovery is needed as to matters bearing on the limitations defense, he may seek that relief by appropriate motion.*

concluded with respect to all claims.  Fed.R.Civ.P.54(b).

**IT IS SO ORDERED**.

Dated this 20th day of December, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE